COCA–COLA CO. v. WILLIAMS et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1914. Rehearing Denied March 14, 1914.)

1. MASTER AND SERVANT (§ 189*)—LIABILITY FOR WRONGFUL DEATH—VICE PRINCIPAL.

A foreman in a factory, who had sole charge of the plant and entire management and control in the absence of the general manager, with power to employ and discharge servants, was the "vice principal" of his employer, who was therefore liable for his negligent or wrongful acts causing the death of an employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 427–435, 437–448; Dec. Dig. § 189.*]

2. APPEAL AND ERROR (§ 1195*)—SECOND APPEAL—LAW OF THE CASE.

Where, on appeal, the court held that the case should have been submitted to the jury, the holding is conclusive on a subsequent appeal in the same case, where the facts and issues are practically the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Lurena Williams, in behalf of herself and minor children and of others, against the Coca-Cola Company. From a judgment in favor of plaintiff and her children, defendant appeals. Affirmed.

Smith, Robertson & Robertson, of Dallas, for appellant. Ed. Sewell and Carden, Starling, Carden, Hemphill & Wallace, all of Dallas, for appellees.

RAINEY, C. J. Lurena Williams in behalf of herself and her three minor children, and also for her mother, Vina Williams Davis, and Adam Davis, her husband, brought this suit against the appellant, Coca-Cola Company, to recover damages resulting from the death of her husband, Gardner Williams, whose death was caused from the negligence of said company.

Appellant answered by: (1) A general demurrer; (2) a general denial; (3) assumed risk; (4) contributory negligence; and (5) that the injuries resulted from an accident that could not have been foreseen or anticipated.

A trial resulted in a verdict and judgment in favor of Lurena Williams and her three children for $9,000, and against Vina Williams Davis and her husband, Adam Davis, from which judgment the Coca-Cola Company has appealed.

The petition of plaintiff alleged: "That Lurena Williams was the widow, and Lutenner Williams, Robert Lee Williams, and Leon Williams were the minor children, of Gardner Williams, deceased. That Vina Williams Davis was the mother of Gardner Williams, deceased, and that she was the wife of Adam Davis. That the father of Gardner Williams was dead. The petition further alleged that on January 18, 1911, and prior thereto, the defendant was a corporation engaged in the business of manufacturing Coca-Cola at Dallas, Tex., at which place it had a factory and manufacturing plant. That Gardner Williams was employed by the agents and officers of the defendant as a common laborer and factory hand, and that, while so employed, he was killed as a direct and proximate result of the negligence of the defendant and its vice principal. The petition alleged: That the duties of Gardner Williams as an employé of the defendant consisted in helping cook and mix the ingredients used in making Coca-Cola. That such ingredients were combustible and highly inflammable, which fact was only known to the officers of the defendant, and was not known to Gardner Williams. That on the day of Williams' death, preparations had been made to make some Coca-Cola. That Williams and several others were engaged in making a mixture known as '7-X,' which mixture was in a barrel, the only opening of which was a bunghole. That Gordon Van Winkle, the foreman of Gardner Williams, without warning or notice, applied a lighted match to the bunghole of the barrel, which it was alleged contained inflammable and combustible matter, causing said barrel to explode, saturating Williams with the liquid from the barrel, setting him on fire, fatally burning him. That Van Winkle knew '7-X' was combustible and inflammable, but Williams did not. That when the barrel exploded Williams suffered the injuries causing his death. That said injuries and death were caused and

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

brought about by the gross, inexcusable negligence of the defendant. The petition further alleged: 'The defendant was negligent in that it failed to exercise ordinary care to furnish the said Gardner Williams a reasonably safe place to do his work, and that it caused, allowed, and permitted such lighted match to be brought about the said inflammable and combustible liquid, or where the same was, and in that the acts of the said vice principal, as herein set out, while acting within the scope of his employment, and while doing an act of the defendant itself, made such place so that it was not reasonably safe for deceased to do his work, and was negligent in not warning the deceased, Gardner Williams, of the combustible and inflammable nature of the liquid and of the danger of its exploding and igniting by fire, and were negligent in that the said vice principal, while acting for the defendant as aforesaid, did strike said match and apply it to the bunghole of the barrel, which contained said inflammable and combustible ingredients, and were negligent in not warning the deceased, Gardner Williams, that the said foreman was going to strike said match, and were negligent in keeping said inflammable and combustible liquids in and around said premises in barrels and other containers with open bungholes, whereby the same could easily ignite and explode—all of which acts of negligence proximately caused the death of the said Gardner Williams.' "

The evidence establishes all the material allegations of the petition, and it further shows: That one Chandler was general manager of appellant's plant at Dallas, and that at the time of the accident he was absent from Dallas. That Gordon Van Winkle, the foreman, had authority to employ and discharge the help, and at the time of the accident was in sole charge of the plant and had the entire management and control of it.

[1] The trial court refused a special charge asked by appellant as follows: "You are instructed to return a verdict for the defendant herein for the reason that it appears from the uncontroverted evidence that the death of Gardner Williams was not caused by the wrongful act, negligence, unskillfulness, or fault of the defendant Coca-Cola Company." The contention is in effect: That as Gordon Van Winkle was only a foreman of appellant, a private corporation, it was not liable for his negligent or wrongful acts, which caused the death of Gardner Williams. That it could be made liable only through the negligent act, causing death, of its vice principal. We think the evidence shows beyond controversy that Van Winkle was the vice principal of appellant at the time of the accident. The general manager was absent from the city. Van Winkle had entire control and management of the plant, with power to employ and discharge the servants, and was responsible for the operation of the plant. He was not only present directing the work, but he lit the match and stuck it to the bunghole that ignited the inflammable material that caused it to explode, resulting in the death of Williams, and for which the appellant is liable.

[2] On a former appeal of this case, where the facts and issues were practically the same as here, and where the trial court instructed a verdict for the Coca-Cola Company, reported in 150 S. W. 759, the cause was reversed; the court holding that the case should have been submitted to the jury, using this language: "In view of another trial, we deem it improper to discuss the evidence further than to say that in our opinion the evidence adduced by plaintiff was sufficient to go to the jury, and the issues should have been submitted under appropriate instructions." The opinion on that appeal was written by Mr. Justice Moursund, in which he discusses the principles governing the liability of private corporations for death caused by the negligence of their servants under our statutes (article 4694 [1911] R. S.), and cites decisions of our Supreme Court in support of his views, with which we concur, and deem it unnecessary to enter into a further discussion of the principles involved, as our holding with that case settles this one against appellant.

There are various assignments presented to the charge of the court, to the refusal of special charges asked, to the refusal to grant a continuance, to the verdict as excessive, etc., but we think none is well taken.

The issues were correctly submitted, and the evidence supports the verdict and judgment.

The judgment is affirmed.