COCA–COLA CO. v. WILLIAMS et al.
(No. 36–2686.)

(Commission of Appeals of Texas, Section A.
Feb. 26, 1919.)

1. DEATH ⚫➡33—NEGLIGENCE OF CORPORATION—ACT OF VICE PRINCIPAL.

Under Rev. St. 1911, art. 4694, subd. 2, a corporation is liable for death of servant caused by negligence of a vice principal.

2. MASTER AND SERVANT ⚫➡103(1)—SAFE PLACE TO WORK—DELEGATION OF DUTY.

The exercise of ordinary care to furnish servant with reasonably safe place in which to work is a positive duty on part of master, which cannot be so delegated as to relieve him from liability for its negligent performance.

3. MASTER AND SERVANT ⚫➡190(10)—SAFE PLACE TO WORK—FELLOW-SERVANT RULE.

The fact that a barrel of liquid would explode if fire was applied to it did not render place of work unsafe, and the safe-place rule did not apply where a vice principal lit a match to look into barrel to ascertain amount of liquid therein, causing an explosion; there being no evidence that such was only and customary method of ascertaining amount of liquid in barrel.

4. MASTER AND SERVANT ⚫➡286(27)—INJURIES TO SERVANT—QUESTION FOR JURY.

Whether vice principal was guilty of negligence in lighting match to look into bunghole of barrel to ascertain amount of liquid therein, causing an explosion, held for jury.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Lurena Williams and others against the Coca-Cola Company. There was a judgment for plaintiffs, which was affirmed by the Court of Civil Appeals (164 S. W. 1032), and the defendant brings error. Reversed and remanded.

See, also, 150 S. W. 759.

Smith, Robertson & Robertson, of Dallas, for plaintiff in error.

Carden, Starling, Carden, Hemphill & Wallace, Ed Sewell, and Claude Westerfeldt, all of Dallas, for defendants in error.

SONFIELD, P. J. Gardner Williams was in the employ of the Coca-Cola Company as a common laborer. It was his duty to help cook and mix the ingredients used in the manufacture of Coca-Cola. The ingredients so used were not designated by name but by number. A barrel had been partially filled with a mixture styled "7–X"; this mixture was a combination of two ingredients known as Nos. 7 and 9. No one in the plant except the manager and Van Winkle, the foreman, knew the properties of "7–X." The other employés knew of but one of the ingredients

in the mixture. The barrel containing the "7–X" was of oak, regular shape, with two ends; the only opening being a bunghole. The contents of the barrel were drawn from it by means of a siphon. Williams and others were preparing to proceed with the mixing; Van Winkle, the foreman and a vice principal, in order to ascertain the amount of mixture in the barrel, struck a match and held it to the bunghole. There was an explosion, the contents were blown out at the end of the barrel where Williams was standing, and he was covered with the burning liquid, receiving injuries resulting in his death.

Lurena Williams, his surviving wife, and their children, plaintiffs, brought this action against the Coca-Cola Company, defendant, to recover damages for the death.

Plaintiffs alleged negligence on the part of defendant in failing to exercise ordinary care to furnish Williams a reasonably safe place in which to work; in failing to warn him of the combustible nature of the liquid, and of the foreman's intention to strike the match; and in keeping the inflammable material in and around the premises in barrels and other containers.

A trial to a jury resulted in a verdict and judgment in favor of plaintiffs. On appeal this judgment was affirmed. 164 S. W. 1032.

This is the second appeal in this case. On the first trial the court gave a peremptory instruction to find for the defendant. The Court of Civil Appeals reversed the judgment and remanded the case. 150 S. W. 759.

[1] The peremptory instruction, in favor of the defendant on the first trial, was based on the theory that under subdivision 2 of article 4694, R. S. 1911, prior to its amendment in 1913 (Acts 33d Leg. c. 143, § 1 [Vernon's Sayles' Ann. Civ. St. 1914, art. 4694]), a private corporation was liable for injuries resulting in death only when the negligent act was that of the corporation itself; that the act of the vice principal, Van Winkle, even if negligent, was the act of a servant or agent of the corporation, and not of the corporation; the acts of a corporation being only such as have reference to its nondelegable duties. Defendant asserts the same theory here in an argument of unusual strength and ability.

The Supreme Court has definitely determined that, under the subdivision referred to, the wrongful act, negligence, unskillfulness, or default of a vice principal is that of the corporation, for which the corporation itself is liable. Hugo Schmeltzer Co. v. Paiz, 104 Tex. 563, 141 S. W. 521; Sullivan-Sanford Lumber Co. v. Cooper, 105 Tex. 21, 142 S. W. 1171; Commerce Cotton Oil Co. v. Camp, 105 Tex. 130, 145 S. W. 902. The last-cited case does not, as contended by defend-

---

ant, in any wise modify, but on the contrary reiterates, the rule announced in Sullivan-Sanford Lumber Co. v. Cooper, supra. On the former appeal of this case, the Court of Civil Appeals, in the opinion written by Mr. Justice Moursund, discusses the question at length and reviews with thoroughness the above-cited cases. We deem it unnecessary, therefore, to further discuss the proposition.

[2, 3] The court did not submit to the jury the question whether the act of Van Winkle, in striking the match and applying it to the bunghole of the barrel, was negligent, and, if negligent, the proximate cause of the injury resulting in the death of Williams. The liability or nonliability of defendant was, under the charge, made to depend solely upon whether it exercised ordinary care in furnishing Williams a reasonably safe place in which to work.

We are of opinion that the court was in error in assuming that the safe-place rule was applicable under the facts of this case.

The exercise of ordinary care to furnish the servant a reasonably safe place in which to work is a positive duty on the part of the master, which cannot be so delegated as to relieve him from liability for its negligent performance. It follows, therefore, that in determining the liability of defendant in this particular, the position or grade of service of Van Winkle, whether that of vice principal or merely a fellow servant of the deceased, is immaterial and should be left wholly out of view.

The proper construction and safety of the building or the room in which Williams was at work is not questioned by the evidence. The mixture, known as "7–X," was customarily placed in this barrel. Though it was combustible, there is no evidence of anything about the place or premises rendering the same dangerous or unsafe through the mere presence of the combustible material. The barrel of mixture was not in and of itself dangerous, nor was its presence or its use attended with danger unless in some manner brought in contact with fire. The danger arose from and the explosion was caused by Van Winkle striking the match and applying it to the bunghole of the barrel, an act having no reference to the furnishing of the place, but only to the use and operation in the place. There is no evidence that this act was necessary by reason of the manner of the construction of the place, or even that this was the only or customary method of ascertaining the amount of mixture in the barrel.

From the record it appears that the danger to which Williams was exposed was, to use the apt language of the court in Meehan v. Speirs Mfg. Co., 172 Mass. 375, 52 N. E. 518, "merely a transitory one, existing only on the single occasion when the injury was sustained, and due to no fault of plan or construction or lack of repair, and to no permanent defect or want of safety in the defendant's works, or in the manner in which they had been ordinarily used." The act of Van Winkle stands out as the single instance in which such act was performed, and without evidence of necessity therefor through the construction or condition of the place. In such case the rule of safe place is without application. Meehan v. Spiers Mfg. Co., supra; 4 Labatt, Master & Servant (2d Ed.) § 1517.

The duty of the master to exercise ordinary care to furnish and maintain a reasonably safe place is not breached by every negligent act, whereby the safe place furnished is rendered unsafe. To so hold would, in effect, make the master an insurer of the safety of the servant and abrogate the rule of nonliability of the master for an injury, the result of the negligence of a fellow servant. In almost every case involving the master's liability for injury to a servant, the safe-place doctrine could be successfully invoked. "A place, in its broad sense, is never safe in which an accident happens, and an accident always happens in some place, and so the master might almost become an insurer." Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017.

This positive duty of the master has its rational and legal limits, which must be recognized and enforced. It is confined to construction or provision, and does not include operation or use. The duty is violated only when the negligent act resulting in injury pertains to the place in contradistinction to the use of the place. "At the instant of the injury, every place * * * is unsafe. The test of liability is not the safety of the place nor of machinery at the instant of injury, but the character of the duty, the negligent performance of which caused the injury." St. Louis, I. M. & S. Ry. Co. v. Needham, 11 C. C. A. 56, 63 Fed. 107, 25 L. R. A. 833; American Bridge Co. v. Seeds, 75 C. C. A. 407, 144 Fed. 605, 11 L. R. A. (N. S.) 1041. Was the duty one having to do with the preparation, construction, or maintenance of the place, or one pertaining to the operation or conduct of the business in or the use of the place? If the former, the master has breached his positive and nondelegable duty, and is liable for an injury resulting therefrom, whether the negligence be that of a vice principal or of a fellow servant; if the latter, though he may be liable, his liability does not arise from a failure to furnish or maintain a safe place.

The act of Van Winkle had no reference to preparation, construction, or maintenance of the place, but to the use of the place, the operation and conduct of the business within the place. For an injury to a servant, the result of a negligent use of the place or negligent operation in the place by a fel-

low servant in a case of this character the master is not liable. But Van Winkle was a vice principal, and if his act was negligent and the proximate cause of the injury to and subsequent death of Williams, defendant would be liable. Its liability, however, would not be predicated upon failure to furnish a safe place, but upon the negligent use of, or operation in the safe place furnished.

[4] Whether the act of Van Winkle was negligent, and, if negligent, the proximate cause of the injury resulting in the death of Williams was for the jury, and the court erred in failing to submit this issue and submitting that of negligence in failing to furnish a safe place.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.