**E. M. SHASTEEN, Appellant,**

v.

**MID–CONTINENT REFRIGERATOR CO.,**
Appellee.

**No. 18407.**

Court of Civil Appeals of Texas,
Dallas.

Dec. 12, 1974.

Rehearing Denied Jan. 9, 1975.

Larry S. Parnass, Dennis R. Croman, Parnass & Hill, Irving, for appellant.

Jack Gulledge, Willoughby, Brown, Gulledge, Tinney & Sehon, Dallas, for appellee.

GUITTARD, Justice.

Mid-Continent Refrigerator Company sued C. M. Shasteen for the balance of monthly rental payments alleged to be due on a commercial refrigerator which he had leased from plaintiff. Defendant pleaded that the refrigerator was defective and that he was induced to sign the lease by fraudulent representations. A jury trial resulted in verdict and judgment for plaintiff, and defendant appeals. We affirm.

### Generality of Special Issue

Defendant's first point urges that the trial court erred in submitting to the jury a general issue of fraud, as follows:

> Do you find from a preponderance of the evidence that prior to the signing of the written agreement in question in this case the representative of the Plaintiff made false representations as to material facts to the Defendant with the intent of inducing him to sign said agreement?

The jury's answer was "No."

Instead of the above issue, defendant requested two series of issues modeled on the conventional fraud pattern. One of these series began with an issue inquiring whether plaintiff's agent "represented to Defendant that should Defendant decide he did not wish to continue in the busines of selling fresh pies, then Defendant could so notify the Plaintiff Company and Defendant could return said fixtures to the Plaintiff without obligation." The other requested series began with an issue inquiring whether plaintiff's agent "represented to Defendant that the Bakery Display Merchandiser was 'frost free.'" Each of these requested series included the usual issues inquiring whether the representation inquired about was false, whether it was made to induce defendant to execute the lease, and so on.

In support of his argument that the court should have submitted his requested issues rather than the general issue of fraudulent representations, defendant relies principally on Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517, 522 (1922). In that case the judgment of the trial court was reversed because of submission of a general issue of contributory negligence instead of the specific contributory negligence issues requested by defendant. The

Supreme Court held that under the statutory forerunner of Texas Rules of Civil Procedure, Rule 277, defendant was entitled to a "distinct and separate" submission of each group of facts which would, if proved, constitute a complete defense to the suit. The opinion did not mention any burden to show harm as a result of the error.

■ The *Fox* rule does not apply to this case because the Supreme Court, by an amendment to Tex.R.Civ.P. 277, has abolished the requirement that special issues be "submitted distinctly and separately" and has provided instead as follows:

It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues.

■ The purpose of this amendment is to abolish the *Fox* rule and permit submission of questions including combinations of elements or issues. Pope & Lowerre, Revised Rule 277–A Better Special Verdict System for Texas, 27 SW.L.J. 577, 583 (1973). Consequently, generality or "multifariousness" alone is no longer a ground for reversal.

■ This holding, however, should not be construed to mean that under Rule 277, as amended, a general issue such as that submitted here would never be subject to the objection that it is prejudicially multifarious. A different question would be presented if, for example, the jury had answered the present issue in the affirmative rather than in the negative and plaintiff had appealed on the ground that the issue was prejudicial in that it permitted the jury to consider representations pleaded but not raised by the evidence or to consider promissory statements legally insufficient as grounds of fraud. In that situation, we would have to determine whether harm to plaintiff resulted from the general

language of the issue. Here, however, the verdict was in plaintiff's favor, and defendant does not complain of any such harm. He is in a poor position to do so, since the general language of the issue is favorable to him, in that it would permit the jury to find in his favor if it agrees with him on any one of the several grounds of fraud alleged. Consequently, we hold that no reversible error is shown.

Defendant also relies on Fitzjarrald v. Panhandle Pub. Co., 149 Tex. 87, 228 S. W.2d 499, 506 (1950), a libel case in which the trial court submitted to the jury a general question inquiring whether "the material charges" appearing in a certain newspaper article were true and also a general question inquiring whether the article was published with malice. The Supreme Court held that defendant was entitled to have the jury pass on the truth of each statement in the article separately and to have the damages limited to those resulting from publication of statements found to have been false and made with malice because otherwise the jury might assess damages for publication of defamatory statements found to be true or privileged. We need not determine whether in a similar situation generality would be ground for reversal under amended Rule 277, since no such question is presented here.

*Mitigation of Damages*

■ Defendant's second point complains that the trial court erred in failing to include in the charge issues or instructions concerning mitigation of damages. We hold that no issue of mitigation of damages was raised by this record.

Defendant testified that after signing the lease in question, his business did not prosper as expected. He then wrote a letter to plaintiff advising that he had gone out of business, had no further use for the refrigerator, and expected plaintiff to pick it up within thirty days. Plaintiff did not pick it up, but on default of further rental payments, plaintiff accelerated the remain-

ing rentals, as provided in the lease, and sued for the entire accelerated amount.

In accelerating the rentals and declining to repossess, plaintiff was within its rights as defined in the lease. Paragraph fourteen of the lease provides that on default in payment of the rent, the lessor has the right to exercise any one or more of the following remedies: (1) to declare the entire amount of rent immediately due and payable, (2) sue for all rents and other payments then accrued or thereafter accruing, (3) take possession of the equipment, (4) terminate the lease, or (5) pursue any other remedy at law or in equity.

Under these provisions, plaintiff had the right to repossess the equipment, but was not required to do so. Plaintiff also had the contractual remedy of acceleration and immediate suit for the balance of the rentals. Application of the doctrine of avoidable consequences, as urged by defendant, would, in effect, nullify this contractual remedy. If the parties to a contract have agreed to the remedy to be applied in the case of breach, it will be enforced by the courts unless it is illegal or against public policy. Doyle v. Second Master-Bilt Homes, Inc., 453 S.W.2d 226, 229 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). Defendant makes no contention that this contractual remedy is illegal or against public policy, and neither does he contend that this provision of the lease is unconscionable under Tex.Bus. & Comm.Code Ann. § 2.302, V.T.C.A. (1968). Consequently, his second point is overruled.

### Rescission for Defects

In his third and fourth points, defendant complains of the failure of the trial court to submit issues concerning alleged defects in the refrigerator and his right to rescind the lease because of such defects. These points, likewise, are without merit.

Whether defendant had a right to rescind the lease for defects is a matter of law rather than a matter of fact. Defend-ant does not enlighten us concerning the legal basis for his contention that he had a right to rescind for defects. The lease itself gives him no such right. On the contrary, it provides in paragraph seven as follows:

> Repairs: Lessee shall inspect the equipment within 48 hours after its receipt; unless within said time, lessee notified lessor, stating the details of any defects, lessee shall effect and bear the expense of all necessary repairs, maintenance, operation and replacements.

Defendant neither pleaded nor attempted to prove, nor does he now assert, that he notified plaintiff of any defects within forty-eight hours after receiving the equipment. The evidence raises no ground of rescission other than the fraud issue, which the jury found in favor of plaintiff. Consequently, defendant's requested issues concerning alleged defects and the alleged right to rescind were properly refused.

Affirmed.