**MEMBERS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Anexial·MUCKELROY et al., Appellees.**

**No. 16439.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 27, 1975.

Rehearing Denied April 3, 1975.

Second Rehearing Denied May 1, 1975.

Gordon A. Holloway, John Palmer Hutcheson, Houston (Sewell, Junell & Riggs, Houston, of counsel), for appellant.

Miller, Gann & Perdue, Gerald H. Buttrill, Houston, for appellees.

EVANS, Justice.

We are here concerned with the construction of revised Rule 277, Texas Rules of Civil Procedure, which became effective September 1, 1973.

This suit resulted from an intersection collision between the vehicle of Jasper and Anexial Muckelroy and a vehicle operated by Verdie Webber, an uninsured motorist. The Muckelroys were in a funeral procession proceeding north on Lockwood Street in the righthand lane. Verdie Webber was proceeding south on Lockwood in the inside lane, intending to make a left turn onto Cavalcade Street. As she proceeded to make the lefthand turn, her vehicle was struck by the Muckelroy vehicle. After a jury trial, judgment was entered for the Muckelroys against Verdie Webber and Members Mutual Insurance Company for the aggregate amount of $4,962.50 plus interest. The issues and explanatory instructions submitted to the jury, and its responses, were as follows:

"By the term 'negligence,' as used in this charge is meant a failure to do that which a person of ordinary prudence, in the exercise of ordinary care, would do under the same or similar circumstances, or the doing of that which a person of ordinary prudence, in the exercise of ordinary care, would not do under the same or similar circumstances.

"By the term 'ordinary care' is meant that degree of care which would be exercised by a person of ordinary care and prudence under the same or similar circumstances.

"By the term 'proximate cause', as used in this charge, is meant a cause which in a natural and continuous sequence, produces an event and without which the event would not have occurred; and to be a proximate cause of an event, it should have been reasonably anticipated and foreseen by a person of ordinary care, and prudence, in the exercise of ordinary care, that the event or some similar event would occur as a natural and probable consequence. There may be more than one proximate cause of an event.

"By the term 'preponderance of the evidence' as used in this Charge is meant the greater weight and degree of credible evidence before you.

### SPECIAL ISSUE NO. 1.

"Whose negligence, if any, do you find from a preponderance of the evidence proximately caused the collision made the basis of this suit?

"ANSWER: (a) The defendant, Verdie Webber.

(b) The plaintiff, Jasper Muckelroy.

(c) Both.

"(a)"

### SPECIAL ISSUE NO. 2.

"Do you find from a preponderance of the evidence that on the occasion in question Verdie Webber failed to yield

the right-of-way to the automobile driven by Jasper Muckelroy?

"You are instructed that the driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn.

"ANSWER: 'We do' or 'We do not.'
　　　　　"We do."

If you have answered Special Issue No. 2 'We do,' and only in that event, then answer:

### SPECIAL ISSUE NO. 3.

"Do you find from a preponderance of the evidence that such failure was a proximate cause of the occurrence in question?

"ANSWER: 'We do' or 'We do not.'
　　　　　"We do."

### SPECIAL ISSUE NO. 4.

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate ANEXIAL MUCKELROY and her husband, JASPER J. MUCKELROY, for her injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

"You will consider the following elements of damages, if any, and none other:

"a. Physical pain and mental anguish which she has suffered in the past.

"b. Physical pain and mental anguish which, in reasonable probability, she will suffer in the future.

"c. Loss of her earnings in the past.

"d. Loss of earning capacity which, in reasonable probability, she will sustain in the future.

"e. Loss of her household services in the past.

"f. Loss of her capacity to perform household services which, in reasonable probability, will be sustained in the future.

"g. The reasonable expenses, if any, for necessary medical care received by ANEXIAL MUCKELROY in the past for treatment of her injuries resulting from the occurrence in question.

"  5000.00 for A thru G        "

In its first three points of error Members Mutual complains that the trial court erred in submitting Special Issue No. 1 over objection that there were no pleadings sufficient to warrant its submission; that such issue failed to limit the jury to a consideration of the specific acts of negligence alleged (i. e., failure to keep proper lookout and make timely application of brakes) and that the form of the issue constituted a general charge.

Under Rule 277, the trial court is authorized to submit a case on special issues without request of either party or if a party requests, the court is required to submit on special issues. An exception to this requirement, not applicable here, is that "for good cause subject to review or on agreement of the parties, the court may submit the same on a general charge."

The rule provides that special issue submission shall be of those "issues controlling the disposition of the case that are raised by the written pleadings and the evidence in the case." The question of negligence is a "controlling issue" in this case.

■ The rule further provides that it "shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly." In the case before us the trial court elected to make a broad form of submission and we are of the opinion this was authorized by the rule.

The fourth paragraph of Rule 277 provides:

"The court may submit special issues in a negligence case in a manner that allows a listing of the claimed acts or omissions of any party to an accident, event, or occurrence that are raised by the pleadings and the evidence with appropriate spaces for answers as to each act or omission which is listed. The court may submit a single question, which may be conditioned upon an answer that an act or omission occurred, inquiring whether a party was negligent, with a listing of the several acts or omissions corresponding to those listed in the preceding question and with appropriate spaces for each answer. Conditioned upon an affirmative finding of negligence as to one or more acts or omissions, a further question may inquire whether the corresponding specific acts or omissions (listing them) inquired about in the preceding questions were proximate causes of the accident, event, or occurrence that is the basis of the suit. Similar forms of questions may be used in other cases."

■ As we understand this provision, considered in the light of other language in the rule, the trial court "may submit" issues in a negligence case in a manner which allows a listing of the claimed acts or omissions so that the issue itself tends to limit the jury's consideration to those particular "claimed acts or omissions", but the trial court is not required to adopt this form of submission. The argument of Members Mutual is that unless the form of submission limits the jury in its consideration to those specific acts or omissions of

negligence alleged, the jury is without guidance as to the elements which it may properly consider in its deliberations and its verdict may be founded upon varying convictions of individual jurors as to different acts or omissions. This argument has logic and prior to the revision of Rule 277, formed the basis for the requirement that separate inquiries be submitted regarding each specific act of negligence alleged. Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953); Barclay v. C. C. Pitts Land & Gravel Co., 387 S.W.2d 644 (Tex.1965). However, we believe the intent manifested by the revision of Rule 277 is that the trial court shall have greater discretion in the form of submission in negligence cases, and that the rule abolishes the requirement of Fox v. Dallas Hotel Company, 111 Tex. 461, 240 S.W. 517, that issues be submitted "distinctly and separately." Shasteen v. Mid Continent Refrigerator Co., 517 S.W. 2d 437 (Tex.Civ.App.—Dallas 1974, no writ hist.).

In a recent decision, Mobil Chemical Company v. Bell, 517 S.W.2d 245, 255 (Tex.1974), the rule was explained by Justice McGee as follows:

"The rule means that in an ordinary negligence case, where several specific acts of negligence are alleged and evidence as to each is introduced, the submission of a broad issue inquiring generally whether the defendant was negligent is not error and is not subject to the objection that the single issue inquires about several elements or issues. . . ."

The revision of Rule 277 brings the submission of issues in personal injury law under the same principles that have been recognized in other areas of the law. Pope, "A New Start on The Special Verdict," 37 Tex. Bar Journal 335, April 1974; Pope and Lowerre, "Revised Rule 277—A Better Special Issue System for Texas," 37 Southwestern Law Journal 577 (1973). For example, in actions for title to land,

the controlling issue of "peaceable and adverse possession" has long been submitted "broadly" with appropriate explanatory instructions. Under such method of submission, a jury has been at liberty to respond to the broad question of "peaceable and adverse possession" even though the individual jurors may not have had unanimity of belief as to the various evidentiary sub-issues which formed the basis for their decision. Green v. Blanks, 342 S.W.2d 141 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.).

We note that the suggested form of the Pattern Jury Instruction Committee to revised Rule 277, is that which is based upon the fourth paragraph of the rule authorizing the listing of the claimed acts or omissions. This is apparently the favored form of submission in Wisconsin, where a similar method of submission is permitted. Heft & Heft, Comparative Negligence Manual, Section 8.20, 1971; Pope, 37 Tex. Bar Journal 335. While this method may constitute the preferable method of submission in many instances we believe the rule leaves this determination to the discretion of the trial court.

Members Mutual further argues that notwithstanding the revision of Rule 277, the issues must be limited by the form of submission to those specific acts of negligence which are specially alleged in the pleadings. It argues that since the Muckelroys pleaded specific acts of negligence (failure to keep proper lookout and to make timely application of brakes) the trial court was limited under Rule 279 to a form of submission which restricted the jury's consideration to those specific elements. It also argues that Special Issue No. 1 permitted the jury to consider evidence of other possible negligent acts not raised by the pleadings, as for example, testimony from which the jury might have inferred that Verdie Webber had been drinking prior to the accident and that she had failed to give a turn signal indicating her intended left turn.

We cannot agree with these arguments. The purpose of the pleadings is to apprise the opposing parties of the nature of the issues which they will be expected to meet. By appropriate special exceptions, the plaintiff may be required to specify the particular acts or omissions of negligence upon which he relies. If during the trial evidence is offered regarding any claimed acts or omissions not raised by the pleadings, the receipt of such evidence may be properly controlled by ruling of the court. Under the revised rule, where the broad form of submission is adopted, the extent of the jury's consideration of the elements comprising the controlling issue becomes a matter of evidence and argument, subject to appropriate instruction of the court. In our opinion the trial court is not precluded from submitting issues broadly under Rule 277 even though specific acts or omissions comprising the elements of such issue have been specifically plead. Mobil Chemical Company v. Bell, supra. We overrule Members Mutual's points one through three.

Members Mutual's points of error 4 and 5 complain that the trial court erred in failing to submit its requested instructions (pertaining to Special Issue No. 1) as follows:

## REQUESTED INSTRUCTION NO. 1

"You are instructed that Verdie Webber is negligent if you find from a preponderance of the evidence that on the occasion in question she failed to make such application of the brakes as a person using ordinary care would have made."

## REQUESTED INSTRUCTION NO. 2

"You are instructed that Verdie Webber is negligent if you find from a preponderance of the evidence that she failed to keep such a lookout as a person using ordinary care would have kept."

The instructions requested by Members Mutual in connection with Special Issue No. 1 did not clarify or define words or phrases used in the court's charge which required legal definition but merely restated and applied to specifically pleaded sub-issues, the definition of negligence previously given in the court's charge.

 The trial court has considerable discretion in determining which issues are "proper" in submission of its charge. Mobil Chemical Company v. Bell, supra. We cannot say that it abused this discretion in refusing to give these requested instructions and if error was committed, we are of the opinion that it did not amount to a denial of the rights of Members Mutual as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure. We overrule Members Mutual's points of error numbers 4 and 5.

In its sixth and seventh points of error, Members Mutual complains that the trial court erred in submitting Special Issue No. 2 over its objection that the court had failed to define the words "immediate hazard" contained in the related instruction and in failing to submit its requested instruction as follows:

"An approaching vehicle is an immediate hazard if it is so close that a person using ordinary care would reasonably conclude that he could not complete the turn without danger of collision."

Since the trial court's judgment may be affirmed solely on the basis of Special Issue No. 1, we deem it unnecessary to consider Members Mutual's remaining two points (6 and 7) complaining of error in the manner of submission of Special Issue No. 2.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

On motion for rehearing we have concluded that our opinion requires some clarification. In our opinion, an instruction limiting the jury's consideration to only those acts of negligence pleaded might properly be given by the trial court in an appropriate situation. We hold only that the trial court, in the case before us, did not abuse its discretion in refusing to give the instructions in the form requested.

Motion for rehearing overruled.