Pascual RODRIQUEZ, Appellant,

v.

W. A. ESTES, Individually and d/b/a Estes Dairy, Appellee.

No. 9361.

Court of Appeals of Texas, Amarillo.

June 29, 1982.

Rehearing Denied July 26, 1982.

Mann & McConnell, Ed McConnell, Amarillo, for appellant.

Stokes & Fields, Thomas D. Farris, Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Pascual Rodriquez appeals from a take-nothing judgment rendered on a jury verdict in his negligence action brought to recover monetary damages from W. A. Estes, individually and d/b/a Estes Dairy, for personal injuries. He charges the trial court with reversible error in refusing to submit to the jury certain special issues he requested. Concluding that Rodriquez was not entitled to the submissions, we overrule his points of error and affirm.

Rodriquez, who was experienced in farm and ranch work, and other farm workers, one of whom was Humberto Garcia, were employed by Estes. Estes had some 30 to

40 head of cattle to be worked and moved about one-quarter of a mile to a wheat pasture. Two horses were available if needed to work the cattle. Estes instructed the employees what was to be done and left.

After the cattle were worked, they were loaded in groups of eight to ten into a trailer hooked to a pickup and transported to the pasture. The pasture was enclosed by an electric fence with a gate. When each group was transported to the pasture, the gate was opened, the trailer was pulled into the pasture, and the cattle were unloaded.

During the unloading of one group, a calf got out of the pasture through the gate; but, at the time, no effort was made to put the calf back into the pasture. Before the last load was delivered to the pasture, Estes returned to pay his employees. He told them to lower the electric fence and drive the calf across it. Estes then left.

After the last load was delivered to the pasture, the employees attempted to drive the calf into the pasture with the pickup and attached trailer. The attempt, made with Garcia driving while Rodriquez and another were in the pickup cab, was unsuccessful.

Rodriquez testified that Garcia told him to get in the pickup bed and try to rope the calf. Rodriquez stated he was standing in the pickup bed when Garcia drove after the calf, he fell from the pickup, and he "woke up" on the ground between the two left rear tires of the trailer. Garcia's testimony, however, was that Rodriquez, saying he would ride in the back to stop the calf if it turned, got in the bed of the pickup and sat on the tool box. Garcia said that he did not know Rodriquez was going to attempt to rope the calf, and that he did not know when Rodriquez fell from the pickup.

In petitioning to recover monetary damages for his injuries proximately caused by Estes' negligence, Rodriquez alleged that Estes breached his duty to provide Rodriquez a safe place and environment in which to work. Specifically, Estes was alleged to have breached the duty by negligently failing to provide Rodriquez with (1) trained cutting horses and (2) a proper vehicle from which to rope the cattle, (3) a safety harness or other safety devices to prevent Rodriquez from being thrown from the pickup truck, and (4) adequate supervision over the cattle roping operations.

With respect to the specific allegations of Estes' negligence, the court submitted to the jury special issues inquiring whether (1) Estes failed to provide adequate supervision over the cattle roping operations, (2) the failure of Estes to warn Rodriquez of the hazards in attempting to rope the calf while standing in the back of the pickup was negligence, and whether (3) Estes failed to provide Rodriquez with trained horses from which to rope the cattle.[1] To each of these issues, the jury answered, "we do not."[2]

Over Rodriquez's objections, the court refused the submission of three groups of special issues requested by him. The requested primary issues, each accompanied by inquiries into negligence and proximate cause, asked whether Estes failed to provide Rodriquez with (i) a safe place in which to work, (ii) a proper vehicle from which to rope the cattle, and (iii) safety devices to prevent his being thrown from the pickup truck.

■ Rodriquez contends that the refused special issues were controlling issues raised by the pleadings and evidence which, upon his request, were required to be submitted. See Tex.R.Civ.Pro. 277. In connection with the contention, we agree, as Rodriquez submits, that an employer has the nondelegable and continuous duties to his employees to furnish a reasonably safe place in which to

---

1. Accompanying special issues inquired, as appropriate, into negligence and proximate cause; but, under the court's instructions, the issues were not answered.

2. In response to other special issues, the jury found that Rodriquez was negligent in attempting to rope the calf from the back of the pickup, and that he failed to keep a proper lookout, further finding that each was a proximate cause of his injuries.

■

work and to furnish reasonably safe instrumentalities with which to work. *Farley v. M M Cattle Company*, 529 S.W.2d 751, 754 (Tex.1975). However, we do not agree, as Rodriquez argues, that these duties required the submission of his requested special issues in this cause.

■ The duty of the employer to furnish an employee a reasonably safe place in which to work is referenced to the construction, equipment, and physical condition of the place itself; it does not refer to the work operation in or the use of the place. *Galveston, H. & S. A. Ry. Co. v. Waldo*, 119 Tex. 377, 29 S.W.2d 323, 328 (1930). In his presentation, Rodriquez does not refer to any evidence of a breach of duty concerning the construction or maintenance of the place of his work or even of the pickup itself; instead, his evidential references are only to the use of the pickup in attempting to rope the calf. The mere fact that the pickup became unsafe for Rodriquez by reason of the use made of it, even if used negligently, did not operate as a breach of the duty to provide him a safe place to work. *Id.* Thus, if Estes were liable under this record, his liability did not arise from a failure to provide Rodriquez with a safe place in which to work. *Coca-Cola Co. v. Williams*, 209 S.W. 396, 397 (Tex.Comm'n App.1919, holding approved). It follows that Rodriquez was not entitled to the submission of the safe place issue. *Id.* at 398.

■ The other two requested primary issues—*viz.*, whether Estes failed to provide Rodriquez with (ii) a proper vehicle from which to rope the cattle, and (iii) safety devices to prevent his being thrown from the pickup truck—could arise only if Estes furnished the pickup as an instrumentality from which to rope cattle. Yet, all of the testimony adduced on the subject was to the contrary. Garcia readily conceded that Estes did not tell him to rope the calf from the pickup. Other testimony was that the proper manner of roping cattle was from horseback and not from the back of a pickup. Indeed, Rodriquez testified that he had never tried to rope a calf from a pickup nor had seen it attempted.

Nevertheless, there is in Rodriquez's presentation the tacit contention that the pickup was furnished as an unsafe instrumentality for roping the calf by the direction of Garcia. Aside from the reality that it was sharply disputed whether Garcia gave Rodriquez any direction, the contention is undermined by the record which shows no more than that Garcia was Rodriquez's co-worker, not a vice-principal whose direction bound Estes.

■ But in any event, if the two requested primary special issues had any viability under this record, it was as mere fragmentations of the broader and controlling question whether Estes failed to provide adequate supervision over the cattle roping operations. That question was submitted as the first special issue, and the jury's answer to it is not challenged. The submission of the broader issue, embracing at least the two narrower requested issues, is authorized as a simpler submission of the controlling issue under the pleadings and evidence in this cause, Tex.R.Civ.P. 277, even though Rodriquez also had specifically pleaded the omissions upon which he based the primary issues requested to be submitted separately. *Members Mutual Insurance Company v. Muckelroy*, 523 S.W.2d 77, 82 (Tex.Civ.App. —Houston [1st Dist.] 1975, writ ref'd n. r. e.). Since the broad issue submitted included the lesser requested primary issues, Rodriquez had no right to a double submission of the broad issue's narrow parts—*i.e.*, he was not entitled to the best of both worlds. Pope & Lowerre, *The State of the Special Verdict—1979*, 2 St. Mary's L.J. 1, 18 (1979).

The judgment is affirmed.