Xanthea Faye BARREE and Aubrey J. Barree, Appellants,

v.

CITY OF FORTH WORTH and Nels Manley Hayes, Appellees.

No. 2–84–177–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 21, 1985.

Dushman, Friedman & Brady and Lowell E. Dushman and Jack Friedman, Fort Worth, for appellants.

Wade Adkins, City Atty., and Harvey L. Frye, Jr., Asst. City Atty., Fort Worth, for City of Fort Worth.

Joe Riddles & Associates and Ben H. Tompkins, Dallas, for Nels Manley Hayes.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

In this rear end collision case, Xanthea Faye Barree and her father, Aubrey J.

Barree, appeal a judgment of $1,500.00 for Miss Barree and of $394.82 for Mr. Barree against the City of Fort Worth and Nels Manley Hayes, jointly and severally. The jury found that the negligence of Miss Barree and Mr. Hayes each contributed fifty percent to causing the collision. The Barrees present twenty points of error.

We reverse and remand for trial because the trial court, in submitting issues inquiring as to the contributory negligence of Miss Barree and in inquiring as to proximate cause, included elements of negligence and proximate cause which were not supported by the evidence.

The Barrees urge in points of error numbers one, two, three, four, five, six, and fourteen that there was no evidence or insufficient evidence to support Special Issues Nos. 4 and 5 which inquired as to whether certain acts or omissions on the part of Miss Barree were negligence and whether such acts or omissions were a proximate cause of the collision in question.

█ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidences and inferences to the contrary. *See Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex. 1979); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

█ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.,* 636 S.W.2d 530, 531 (Tex.App.—San Antonio

1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

█ If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *See National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

█ Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Garza v. Alviar,* 395 S.W.2d at 823. If the court so determines, the finding should be set aside and a new trial ordered. *Id.*

█ In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *Alford, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

The accident occurred on the evening of September 26, 1980, after Miss Barree had left work in her father's car. The weather was misty and the street wet. Miss Barree had stopped her vehicle in the middle of the block to turn left into the lot of a drive-in restaurant when she was hit from behind by Mr. Hayes, the driver of an animal control truck for·the City of Fort Worth. Miss Barree testified that she was signal-

ling for a left turn, although Mr. Hayes testified that he never saw Miss Barree give any kind of turn signal. Miss Barree did not check the traffic behind her before the collision by either looking in her rearview mirror or by turning her head. Mr. Hayes related that he saw Miss Barree come to a slow, gradual stop and that he saw her brake lights come on when he was about five truck lengths behind her. He looked into his rearview mirror to see if he could get into the lane to his right so that he would not have to stop for her, but there was traffic in that lane which prevented his moving over. When he applied his brakes, he started skidding. He let off the brakes to stop the skid, then collided with Miss Barree's vehicle. Miss Barree was not wearing the corrective lenses required by her driver's license at the time of the collision.

The trial judge submitted Special Issues Nos. 4 and 5 as follows:

ISSUE NO. 4

Do you find from a preponderance of the evidence that on the occasion in question Xanthea Faye Barree was negligent?

In considering the negligence of Xanthea Faye Barree you may consider proper lookout, stopping suddenly, driving without corrective lenses, use of rearview mirror, timely application of brakes, giving of stop signal and giving of left turn signal.

Answer "We do" or "We do not."
ANSWER: _____

If you have answered "We do" to Issue 4, then answer Issue No. 5; otherwise, do not answer Issue No. 5.

ISSUE 5

Do you find from a preponderance of the evidence that such negligence, if any, inquired about in Issue No. 4, was a proximate cause of the occurrence in question?

Answer "We do" or "We do not."
ANSWER: _____

■ There is no evidence that Miss Barree stopped suddenly, that she failed to make timely application of her brakes, or

that she failed to give a stop signal or was in any way negligent in the giving of a stop signal. Also, in view of the undisputed testimony that Miss Barree never looked at the traffic behind her, there is no evidence that Miss Barree's failure to wear corrective lenses was a proximate cause of the collision. The Barrees objected at trial to the inclusion of these elements in Special Issue No. 4.

"Under Rule 277, the trial court has the discretion to submit an issue broadly, including the combination in one issue of several acts or omissions which may be alleged to constitute negligence. However, when one or more pleaded acts or omissions are unsupported by evidence ... failure to limit the broad ultimate fact issue to acts or omissions which were raised by both pleadings and proof violates Rule 277 and is error." *Scott v. Atchison, T. & S.F.R. Co.*, 572 S.W.2d 273, 277 (Tex.1978). We find that the trial court's instruction to the jury that they could consider several acts or omissions which were not supported by the evidence was reasonably calculated to and probably did cause the rendition of an improper judgment. TEX.R.CIV.P. 434. This error could possibly have been made harmless by the use of a charge such as those contained in the supplement to the Texas Pattern Jury Charges which contain a broad submission but in which the jury answers separately as to each submitted act or omission. 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES Supp. 11, 15 (1973). We sustain points of error numbers one, two, three, four, five, six, and fourteen.

■ In view of a retrial, we will consider the matter raised by the Barrees in points of error numbers sixteen, seventeen, eighteen and nineteen. The Barrees contend that the trial court erred in including both "proper lookout" and "use of rearview mirror" in the negligence issue, contending that "use of rearview mirror" is just a specific example of the more broad term "proper lookout." The negligent failure to use one's rearview mirror is included in the

negligent failure to keep a proper lookout. It is a specific example of how one might fail to keep a proper lookout. Hayes and the City of Fort Worth are not entitled to the submission of the broad issue of "proper lookout" and one of the broad issue's narrow parts such as "use of rearview mirror." *See Rodriquez v. Estes*, 635 S.W.2d 918 (Tex.App.—Amarillo 1982, no writ). We sustain points of error numbers sixteen, seventeen, eighteen, and nineteen. In view of our holdings on the points of error discussed, it is unnecessary to determine the remaining points of error.

The judgment is reversed and remanded for trial with the costs charged to the appellees, jointly and severally.