NEW TERMINAL WAREHOUSE
CORPORATION, Appellant,

v.

Minnie E. WILSON et al., Appellees.

No. B2059.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 15, 1979.

Rehearing Denied Sept. 5, 1979.

Ron Franklin, Knox D. Nunnally, Vinson & Elkins, Houston, for appellant.

Joseph D. Jamail, Jamail & Kolius, Frank G. Jones, Fulbright & Jaworski, John P. Forney, Eastham, Watson, Dale & Forney, Ben L. Reynolds, Royston, Rayzor, Vickery & Williams, Henry P. Giessel, Talbert, Giessel & Stone, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and CIRE and COULSON, JJ.

J. CURTISS BROWN, Chief Justice.

This wrongful death suit involves an accident on a dock in which plaintiff's husband, a longshoreman, was struck and killed by a truck backing up to a crane.

New Terminal Warehouse Corporation (appellant or New Terminal), is in the business of warehousing goods shipped by water, and provides docks for loading or unloading operations. On the morning of

January 22, 1978, New Terminal had docked at its facilities a barge of fertilizer grain to be unloaded and stored. New Terminal arranged for Southern Stevedoring Company, Inc. (Southern) to provide a crane and a crew of longshoremen to unload the material onto trucks. New Terminal provides no trucks for such operations and it called Norman & Son, Inc. (Norman), a trucking company, to arrange for the necessary vehicles. Norman, having no available trucks, contacted Galena Park Trucking Company (Galena Park). Galena Park agreed to furnish the required transportation and sent three trucks, two of which were owned by Leon Stephens (Stephens) but leased to Galena Park. Of the two trucks owned by Stephens, one was driven by Stephens himself, and the other by an employee of Stephens, Myrko Balaban (Balaban). For that day, the unloading proceeded without significant problem. While one truck was backed up to the crane and being loaded, a second would be stopped some distance off waiting to back into position for loading. The third would be enroute to or from the warehouse.

While the barge was being unloaded, a second crew of longshoremen were engaged in a cleaning operation on a larger ocean-going vessel, the MALLORY LYKES, also docked at the New Terminal facilities approximately 100 feet from the barge. On the second day of unloading, Balaban, having dumped one load of fertilizer, stopped alongside the MALLORY LYKES to wait for the truck under the crane to be filled. Unknown to Balaban, Willie Wilson, the husband of the plaintiff, Minnie E. Wilson (Wilson), was enroute from a parking lot on the New Terminal property to the MALLORY LYKES where he was to be a foreman of the cleaning party. Willie Wilson had stopped some four feet behind Balaban's truck and was in conversation with another longshoreman when Balaban, seeing through his outside rearview mirror that the crane was ready to load his truck, started backing toward the crane. Willie Wilson was killed by the impact of the truck.

Wilson filed a wrongful death suit and, in her second amended petition, claimed that New Terminal, Southern, Norman, Galena Park, Stephens and Balaban were all guilty of specific acts of negligence culminating in the death of her husband. At the close of plaintiff's evidence, the trial court granted Norman's and Southern's motions for instructed verdict, and dismissed those parties from the case. The jury found New Terminal negligent in failing to provide a reasonably safe place for Willie Wilson to work, and that such negligence was a proximate cause of the accident. The jury found that either Galena Park's, Stephen's, or Balaban's negligence was a proximate cause of the death and further that Willie Wilson's failure to keep a proper lookout was a proximate cause of the accident. Asked to apportion the percentage of fault in causing the accident, the jury found that Willie Wilson contributed 10%, that Galena Park "and/or" Stephens "and/or" Balaban contributed 40%, and that New Terminal contributed 50%. Damages were found to be $700,000.00, but were reduced to $630,000.00 based on the findings of contributory negligence. Based on the jury finding that New Terminal failed to provide *Balaban* a reasonably safe place to work, the trial court granted complete indemnity to Galena Park, Stephens, and Balaban against New Terminal. New Terminal brings this appeal.

■ New Terminal asserts as error the trial court's granting of instructed verdicts for Southern and Norman. In an instructed verdict case, the controlling determination is "whether there is any evidence of probative force to raise fact issues on the material questions presented." *Henderson v. Travelers Ins. Co.,* 544 S.W.2d 649, 650 (Tex.Sup.1976). New Terminal's position is that there was evidence in the record that Southern had a duty to control the trucks during the backing procedure on the dock. For support, New Terminal looks to the testimony of Kingcaid, a representative of Southern, who testified that New Terminal had no supervisors on the dock; that Southern controlled the "spacing" of the trucks; and that employees of Southern were under the control of Southern during the unloading operation. This testimony provides no

direct evidence that Southern had any duty to control the backing of the trucks. The reference to spacing was limited to Southern's activities in informing the truck drivers when the truck was properly positioned to accept the load. New Terminal points to the Southern manpower on the barge and crane as evidence of control. The fact that Southern may have had sufficient personnel to control trucks is not direct evidence of a right to control the details of the work. Nor is there any direct evidence of probative force that Southern actually exercised control over the trucks. Balaban and Stephens testified that their cue to back the trucks came from their sighting of the preceding truck as it drove away from the crane and from their past experience in such operations, but not from any signal by the crane operator, as asserted by New Terminal. Cumulatively, the above evidence amounts to no more than a surmise or suspicion that Southern had a duty to control backing procedures of the truck, and therefore fails to constitute any evidence of probative force. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex.Sup.1970); *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898). The instructed verdict was properly granted for Southern.

New Terminal seeks to have Norman held liable as a matter of law under the doctrine of respondeat superior on the ground that Galena Park and its employees, Balaban and Stephens, were agents acting on behalf of Norman and subject to its authority. Norman takes the position that Galena Park and its employees were independent contractors. The test recognized in Texas to determine if a principal/agent relationship exists "is whether the employer has the right of control in directing, not merely the end sought to be accomplished by the employment, but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done." *E. g., W. D. Haden Company v. Ryman*, 362 S.W.2d 133, 135 (Tex.Civ.App.-Houston 1962, writ ref'd). In applying that rule to the case at bar, we find no evidence that Norman was anything more than a conduit furnishing independent contractors and trucks to New Terminal. New Terminal, desiring trucks, contacted Norman, who had no trucks available. Norman agreed to contact other trucking companies to provide the trucks. Norman called Galena Park, and it was Galena Park, through Stephens, Balaban, and a third truck driver, who fulfilled the order of New Terminal for three trucks. There is no evidence that Norman was present at the dock, or that it had the authority to control the details of the trucking on the dock. In the absence of such right of control, the doctrine of respondeat superior is not applicable.

In considering New Terminal's attack on the form of submitting special issue one, we began with the premise that a broad submission of negligence issues is allowed by rule 277, Tex.R.Civ.P. Since the amendment of the rule, instances have been noted in which broad submission of negligence issues would not be proper, as in *Scott v. Atchison, T. & S. F. R. Co.*, 572 S.W.2d 273 (Tex.Sup.1978). In *Scott,* the supreme court stated that:

Under Rule 277, the trial court has the discretion to submit an issue broadly, including the combination in one issue of several acts or omissions which may be alleged to constitute negligence. However, when one or more pleaded acts or omissions are unsupported by evidence and the record contains evidence of other possible negligent acts or omissions which were not pleaded, failure to limit the broad ultimate fact issue to acts or omissions which were raised by both pleadings and proof violates Rule 277 and is error.

The specific complaint in this case is that the submission of the special issue one, which inquired, "Do you find from a preponderance of the evidence that . . . New Terminal Warehouse Corporation failed to exercise ordinary care to make its premises safe for Willie Wilson . . .," allowed the jury to consider evidence of negligence on the part of other defendants for which New Terminal was not legally liable. We do not so read the issue. It is

confined to New Terminal and could not reasonably be read to include the acts or omission of others. Further, in *Scott*, the court approved the submission of an issue inquiring "whether the railroad was negligent in failing to provide the plaintiff with a reasonably safe place in which to do his work." The allegation in the case at bar was that New Terminal failed to provide a reasonably safe place for Willie Wilson to work; the evidence presented was to that effect, and the special issue made that inquiry. Under the circumstances, we perceive no violation of rule 277 and no conflict with the supreme court's reasoning in *Scott*.

■ Any error in the form of submitting special issues five, six, or nine is harmless insofar as New Terminal is concerned. Galena Park, Stephens, and Balaban have made no complaint with respect to the submission of those issues grouping them together and were content to be treated as one entity for the purposes of assessing fault and the percentages of negligence. Such grouping cannot be said to have probably resulted in the entry of an erroneous verdict with regard to New Terminal, who was not included in those issues. Tex.R. Civ.P. 434. *See, Parker v. Keyser*, 540 S.W.2d 827 (Tex.Civ.App.-Corpus Christi 1976, no writ).

In addition to finding that New Terminal had failed to provide a reasonably safe place for Willie Wilson to work, the jury also found New Terminal failed to provide Balaban with a safe place to work and that such negligence was a proximate cause of the accident. Based on that finding, the trial court granted complete indemnity to Galena Park, Stephens, and Balaban against New Terminal. *See generally, Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563 (1949).

Since the enactment of article 2212a, Tex. Rev.Civ.Stat.Ann., the supreme court "has sought to abolish those doctrines directed to the old choice between total victory and total defeat for the injured plaintiff and which doctrines too often confused jurors, lawyers and judges alike. . . ." *Davila v. Sanders*, 557 S.W.2d 770, 771 (Tex.Sup.

1977). The result has been to abolish many of the common-law rules traditional to the law of torts and to reduce most cases to a determination of negligence and contributory negligence. *Farley v. M. M. Cattle Co.*, 529 S.W.2d 751 (Tex.Sup.1975) (voluntary assumption of risk or *volenti non fit injuria* abolished); *Davila, supra* (doctrine of imminent peril abolished); *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.Sup.1978) (demise of "no-duty" doctrine in premises cases). *See also*, concurring opinion by Justice Pope in *Abalos v. Oil Development Company of Texas*, 544 S.W.2d 627 (Tex. Sup.1976) (advocated abolition of doctrine of last clear chance or discovered peril); *de Anda v. Blake*, 562 S.W.2d 497, 500 (Tex. Civ.App.-San Antonio 1978, no writ history) (adhered to Justice Pope's concurring opinion in *Abalos* and disallowed doctrine of discovered peril). With like reasoning, the supreme court, in *General Motors Corp. v. Hopkins*, 548 S.W.2d 344, 352 (Tex.Sup. 1977), held that the defense of misuse in a strict liability products case was no longer a complete bar to plaintiff's recovery. The supreme court in *Hopkins* was not directed by statute to their conclusion, because the statute does not extend to strict liability situations. Instead, the rationale underlying article 2212a was the deciding factor.

■ We believe that the common law doctrine of indemnity between joint tortfeasors in negligence cases should be reconsidered in light of article 2212a. In particular, where there are negligent joint tortfeasors the statute provides:

(b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

(c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the

judgment which represents the percentage of negligence attributable to him. Tex.Rev.Civ.Stat.Ann. art. 2212a, § 2(b) and (c) (Supp.1978). The language of the statute applies here. Appellant New Terminal had a duty to exercise ordinary care to provide a reasonably safe place to work for both Willie Wilson and Balaban, employees of independent contractors. *Abolos, supra.* Balaban, and, vicariously, Galena Park and Stephens, had a duty to exercise reasonable care in the operation of the truck regardless of the fact that he was caused, perhaps negligently, to operate the truck in an area unsafe for pedestrian traffic. The jury was requested to apportion percentages of fault and in doing so was allowed to consider that, at least in part, the accident was proximately caused by New Terminal's failure to provide a reasonably safe place for Balaban to work. Under the jury finding assessing 50% fault to New Terminal, it would be and was improper to grant indemnity to Galena Park, Stephens, and Balaban, who were assessed 40% fault.

■ This decision is consistent with the policies behind article 2212a since the result is to strip away another common-law rule that resulted in a total shifting of responsibility for a tort. Under 2212a there is no rational basis for causing one defendant to indemnify another defendant, who was also found negligent and assessed a percentage of fault by the jury. Conversely, we do not consider 2212a to be so broad as to bar indemnity in cases where there is a contractual basis for indemnity, or where the liability of the parties seeking indemnity is purely vicarious. We do not intend for our holding to extend to such cases. Nor do we intend our holding to extend to products liability cases,[1] or to cases involving a combination of negligence and strict liability.[2] This decision is also consistent with the original basis for the award of indemnity in a joint tort-feasor's situation, as expressed in *Hodges, Contribution and Indemnity Among Tort Feasors*, 26 Texas L.Rev. 150 (1947). Professor Hodges stated:

When there are two tortfeasors, either or both of whom are liable to an injured third person, but one of whom has breached a duty which he owed both to his co-tortfeasor and to the injured third person, then the tort-feasor who, to his co-tortfeasor, is blameless, should be allowed indemnity.

If, in this case, the jury had believed that Galena Park, Stephens, and Balaban were blameless as a result of New Terminal's breach of a duty owed to Balaban, the special issues were so structured that the jury could have relieved Galena Park, Stephens, and Balaban of any liability.

A further basis for our decision is that the original article 2212 exempted from its scope situations where common-law indemnity was allowed. No such provision is made in article 2212a, which replaces article 2212 when the action is based on negligence. We reverse and render the trial court's judgment of indemnity, and we grant contribution among the defendants, New Terminal, Galena Park, Stephens, and Balaban, in accordance with article 2212a.

■ New Terminal's final point is that the award of $700,000.00 (reduced to $630,-000.00 due to Willie Wilson's contributory negligence) is excessive and that this court should order a remittitur. The evidence at trial was sufficient in our opinion to support the award in light of Willie Wilson's expected earnings and the care, advice, counseling, and services he would have provided to appellee Wilson. Those items are proper elements of recovery in a wrongful death case. *City of Austin v. Selter*, 415 S.W.2d 489 (Tex.Civ.App.-Austin 1967, writ ref'd n.r.e.).

To preserve a plaintiff's right to trial by jury and to preclude an appellate court from substituting its opinion for a jury verdict, numerous presumptions are applied in favor of a jury verdict when attacked as excessive.

1. *Helicoid Gage Div. of Am. Chain & Cable Co. v. Howell*, 511 S.W.2d 573 (Tex.Civ.App.-Houston [14th Dist.] 1974, writ ref'd n. r. e.).

2. *General Motors Corp. v. Simmons*, 558 S.W. 855 (Tex.Sup.1977).

When the contention is made that the jury's evaluation of damages is erroneous the burden of establishing that proposition is upon the party making the complaint.

In determining whether a verdict is 'excessive' the courts must review only that evidence favorable to the award, and the findings of the jury thereon will not be disturbed on ground of 'excessiveness' if there is any evidence to sustain the award; they will not merely interfere and substitute their judgments, nor is it material that the courts might have awarded a lesser sum as fact finders; there must be some circumstantial indication of bias or prejudice  .  .  . .

*Texas Farm Products Co. v. Leva,* 535 S.W.2d 953 (Tex.Civ.App.-Tyler 1976, no writ), *citing, Hammond v. Stricklen,* 498 S.W.2d 356 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.); *City of Austin, supra.* There is no allegation of bias or prejudice on the part of the jury in this case; merely an attempt to show a disparity between this award and awards considered excessive in the past. Appellant New Terminal's request for remittitur is denied.

Having reversed and rendered the indemnity portion of the judgment, and having ordered contribution in accordance with article 2212a, we affirm the remainder of the judgment.

Reversed and rendered in part, and affirmed in part.

CIRE, J., not participating.