**Rodolfo PARTIDA, Appellant,**

v.

**PARK NORTH GENERAL HOSPITAL
et al., Appellees.**

No. 8342.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 15, 1979.

Rehearing Denied Dec. 6, 1979.

Tuck R. Chapin, San Antonio, for appellant.

Allan Dubois, Robert Summers, San Antonio, for appellees.

DIES, Chief Justice.

Plaintiff below, Rodolfo Partida, entered Park North General Hospital, defendant below, on April 18, 1974, for the purpose of an x-ray examination. The examination was conducted by Dr. Royal B. Lea, another defendant below. During the course of the examination, the cable which supported the fluoroscopic spot film device broke; the device fell on plaintiff Partida, and he sued defendant's hospital and Dr. Lea, and others not party to this appeal. Trial was to a jury which resulted in a judgment against hospital only, from which Partida perfects this appeal. The parties will be referred to herein by name.

Points of error 1 through 4 complain: the jury finding of no compensable recovery for future pain and suffering by Partida; the finding of no compensable loss of future earning capacity by Partida; the

finding of $50 for past physical pain and suffering; and the finding of loss of past earnings of $786 was manifestly unjust and against the great weight and preponderance of the evidence. We review these points as directed by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

Mr. Partida testified the device caused injury to his lower back. His physician, Dr. Parra, found muscle spasms in the lower back, which indicated trauma; that Mr. Partida had a permanently irritated nerve root. Other witnesses gave testimony of changes in Partida's physical condition. Mr. Partida's supervisor, Jerry Henneke, opined Mr. Partida's earning capacity was impaired. This was concurred in by Mr. Pat Zaiontz, Mr. Partida's son, Frank, and Mr. Partida's wife, Grace.

A former co-worker of Mr. Partida's, Frank E. Wingate, Sr., testified that before the accident Partida could make heavy deliveries but was unable to following the injuries. This was also supported by the superintendent, Henneke, as well as Mr. Cruz Mendoza, a fellow salesman. And Mr. Partida told of constant pain, the necessity to take drugs, and the interference the pain had in his work.

On the other hand, the following testimony supports the jury findings: Dr. Lea testified that following the accident, Partida complained of leg pain, not back pain. Mr. Partida believed the device fell a distance of over three feet, but there was evidence it was two inches to twelve inches. Marie E. Morrison, the x-ray technician, also said Partida's complaint was in the leg, not the back. The records of Dr. Dupre indicated Partida was complaining of back injury before the accident in question. Partida saw no doctor for eighteen days after the injury. It was more than a month after his injury before Mr. Partida complained of back pain to his doctor. An orthopedist found nothing really wrong with him, and the neurosurgeon related his symptoms as "nonphysiologic." Dr. Parra had questions about Partida's injuries and noted a back brace he prescribed looked unused six months later.

Mr. Partida earned $10,800 in the year prior to his injury, and, in 1974, he earned $10,014, a difference of $786 (the amount awarded by the jury). Following the injury he made considerably more money in 1975 and 1976 (about $5,000 more).

It is the prerogative of the jury to weigh the evidence and pass upon the credibility of the witnesses. *Harbuck v. Ramos*, 371 S.W.2d 912 (Tex.Civ.App.—Waco 1963, no writ). In so doing, the jury is entitled to accept or reject any part of the testimony. *Hood v. Texas Indemnity Insurance Co.*, 146 Tex. 522, 209 S.W.2d 345 (1948); *Reinke v. Thomas*, 369 S.W.2d 692 (Tex.Civ.App.—Waco 1963, writ ref'd n. r. e.). It is not for this court to substitute our judgment for the jury. *Bardwell v. Anderson*, 325 S.W.2d 929, 935–936 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.). These points are overruled.

■ Partida's fifth point urges that the jury finding that the defendant Dr. Royal B. Lea was not negligent in exercising ordinary care was contrary to the great weight and preponderance of the testimony.

Dr. Lea was not an employee of the hospital but was in private practice. The machine in question was maintained by an x-ray technician, an employee of the hospital. Dr. Lea and another radiologist, Dr. Voltz, testified that radiologists do not customarily inspect or maintain such machines in their duties. This point is overruled.

■ Partida's sixth point complains of the court's refusal to admit certain exhibits into evidence concerning expenses for medical treatment. There is serious question whether Partida offered three of the five exhibits in evidence. Nevertheless, we believe the record fails to disclose the proper predicate for the admission of these records. *Gulf, Colorado & Santa Fe Railway Co. v. Parmer*, 389 S.W.2d 558, 565 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.). This point is overruled.

■ The trial court submitted this issue to the jury:

"Do you find from a preponderance of the evidence that on the occasion in ques-

tion, PARK NORTH GENERAL HOSPITAL, acting through its employees, failed to exercise ordinary care as that term is herein defined?"

To which, the jury answered, "Yes."

Partida says that issue is not approved by *Scott v. Atchison, Topeka and Santa Fe Railway Company,* 572 S.W.2d 273, 277–278 (Tex.1978), and Partida requested an issue enumerating the acts of negligence, which he says were plead and proven and which could form the basis of negligence and proximate cause.

In *Scott,* supra, the court said:

"Where multiple acts or omissions are alleged to be negligent, some of which are supported by evidence and some of which are not, . . . the trial court should inquire only about those which are raised by both the pleadings and the evidence. Judicial compliance with this requirement . . . can be accomplished very simply by listing the relevant acts or omissions . . . in a broad ultimate fact issue . . . or in a checklist . . . ."

We do not find the court's manner of submitting the issue and in refusing Partida's requested issue to be reversible error because the jury answered "Yes" to the issue, and furthermore the only party who could complain of its "shotgun" manner was the hospital. This point is overruled.

Partida also complains of this issue:

"Do you find from a preponderance of the evidence that on the occasion in question, Dr. Royal Lea, personally or through his employees failed to exercise ordinary care?"

To which the jury answered, "No." Partida requested a similar issue to that discussed above which included the checklist required by *Scott,* supra.

Again we concluded this could only have operated to the prejudice of the defendants, and, if it was error, was harmless and cannot provide the basis for reversal. *Cockerham v. Gilchriest Chevrolet Co.,* 39 S.W.2d 186 (Tex.Civ.App.—Beaumont 1931, no writ). *Tex.R.Civ.P. 434.* This point is overruled.

Mr. Partida's last point is multifarious and in violation of *Tex.R.Civ.P. 418.* See *Rio Delta Land Co. v. Johnson,* 566 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Pate v. Yaeger,* 552 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). Nevertheless, we have examined the points involved and find them either to be without merit or harmless. *Tex.R.Civ.P. 434.*

All points are overruled, and the judgment of the trial court is affirmed.

AFFIRMED.