**Gustell BROWN, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY,
Appellee.**

No. 8357.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 27, 1979.

Rehearing Denied Jan. 17, 1980.

March H. Coffield, Jasper, for appellant.

Howell Cobb, Gordon R. Pate, Beaumont, for appellee.

KEITH, Justice.

Plaintiff below appeals from a judgment entered in her third party action after the trial court had granted defendant's motion to disregard two findings of the jury. We will designate the parties as they appeared in the trial court.

Plaintiff was an employee of Texas Industrial Maintenance Company, a contracting firm which was engaged by defendant to clean the wax from the floors of its store in Port Arthur. She had very general allegations of negligence, all of which are set out in the two sentences in the margin.[1] No special exceptions were leveled against the general allegations.

We have examined the record carefully to determine plaintiff's contentions in the trial court. In his opening statement to the jury, plaintiff's counsel told the jury:

"[W]e will show you that Mr. Dill [defendant's employee], in the course of the work that was going on, folded up a chair and placed it in an area that had previously been a clear, free, area, and that Gustell Brown fell on this chair, as a result of its having been placed there unknown to her."

True to his promise, counsel elicited from his client her version of the cause of her fall, plaintiff testified on direct examination as follows:

"Q. When you wheeled around, did you take a step towards him [Dill]?

"A. Yes, Sir.

"Q. . . . what happened?

"A. I stepped on it, and fell backwards.

"Q. Stepped on what?

"A. On the chair, and fell backwards.

\* \* \* \* \* \*

"Q. Now, the chair that you fell on, was it in an upright position or was it folded?

"A. It was folded.

"Q. And was that the same chair that you had seen a few minutes before in an upright position?

"A. Yes, sir.

"Q. Alright, had it been moved and placed in this folded position where it was when you fell?

"A. Yes, sir."

She testified that Ricky Kirk did not move the chair but that Dill came to her, after she had fallen, saying: "I'm sorry I put the chair there". She remained firm, on cross-examination, that she fell over the chair, saying, "I stepped on the chair and fell backwards. . . . I hit the floor."

Ricky Kirk testified that while he did not actually see plaintiff fall, he saw that she had fallen over "a chair folded." Dill denied having moved the chair, his testimony being that plaintiff fell over an erect, not a folded chair. He denied moving the chair but did admit to telling her he was sorry she had fallen when he went to help her from the floor.

Special Issue No. 1 inquired if "an employee of Sears, Roebuck and Co. folded the chair and placed it on the floor in the area where Gustell Brown was working?"—to which the jury answered, "We do not."[2]

The Court submitted Special Issue No. 5 inquiring whether defendant "failed to furnish Gustell Brown with a reasonably safe place in which to work", which the jury answered, "We do."[3] The next issue found

---

1. "On such occurrence she [plaintiff] sustained severe injury when she fell over a chair which had been placed by an employee of defendant. Said occurrence was proximately caused by the negligence of defendant, said negligence took place in Jefferson County, Texas, and said occurrence directly and proximately caused severe personal injuries to plaintiff, resulting in monetary damages to plaintiff in an amount within the jurisdictional limits of this Court."

2. Special Issue No. 2, inquiring if defendant failed to warn plaintiff of the folded chair, was submitted conditioned upon a "We do" answer to No. 1 and was unanswered. No. 3 (negligence) and No. 4 (proximate cause), also conditionally submitted, were not answered.

3. This instruction accompanied Special Issue No. 5: "You are instructed that the term 'reasonably safe place in which to work' means such place as would be furnished by a person

such failure to be a proximate cause of the occurrence. Defendant pointed out in its objections to the submission of No. 5 that the only issue even raised was that one of defendant's employees had placed a chair on the floor where she said she fell because of the presence of the chair.

Defendant filed its motion praying for the entry of a take-nothing judgment after disregarding the answers to Special Issues Nos. 5 and 6. After proper notice and hearing, the motion was granted and judgment for defendant was signed.

Plaintiff's two points of error are briefed together and will be so treated in our discussion. Basically, it is argued that Nos. 5 and 6 "were properly submitted to the jury", notwithstanding the jury's negative answer to No. 1. We disagree and affirm for the reasons now to be stated.[4]

Plaintiff's ingenious counsel argues that she was entitled to a specific *and* a general submission of the negligence issue despite the fact that the entire thrust of her pleadings and her evidence was confined to the specific issue: Dill negligently placed the folded chair on the floor and did not warn plaintiff of its presence.

Counsel then argues that plaintiff was entitled to the submission of an issue on *active* negligence—the placement of the folded chair on the floor by Dill—as was done in Special Issue No. 1. Counsel also argues that she was entitled to the submission of an issue on *passive* negligence—the failure to furnish her a safe place to work— as was done in Special Issue No. 5.

This argument sounds suspiciously like the once prevalent but now discarded dichotomy of "active-passive" negligence which plagued the courts in venue matters

prior to the 1953 amendment to *Subdivision 9, Art. 1995, Tex.Rev.Civ.Stat.Ann.*[5]

Plaintiff argues:

"[T]here was evidence in support of both the specific, active ground of alleged negligence and the general, passive ground of negligence.

\*   .\*   \*   \*   \*   \*

"The mere fact that the jury failed to find that Norman Dill put a folded chair behind Gustell Brown has no bearing on the other ultimate issues embodied in the negligent breach of defendant's duty to provide her a reasonably safe place to work."

Mr. Justice Pope has long been in the forefront in his efforts to simplify the special issue submission in Texas. As early as 1965, concurring in part and dissenting in part in *Barclay v. C. C. Pitts Sand and Gravel Co.*, 387 S.W.2d 644, 652 (Tex.1965), he was arguing for the broad form of submission. In that instance it was "proper control" of a vehicle, rather than the submission of the constituent elements of speed, brakes, etc.

A great step forward was made with the amendment to *Tex.R.Civ.P. 277* in 1973, followed by the decisions in *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974), and *Scott v. Atchison, T. & S. F. Ry. Co.*, 572 S.W.2d 273 (Tex.1978).

But, the change in the rules and in the method of submission of causes does not entitle a party to a double submission of a single issue of fact. Indeed, the trend has been to simplify submission, not to increase the possibility of conflicting answers. Although Justice Pope was not the author of *Bell* or *Scott*, supra, the language used in each opinion is in harmony with his views.

---

of ordinary prudence in the exercise of ordinary care under the same or similar circumstances."

**4.** We readily agree with plaintiff's counsel: plaintiff occupied the status of an invitee upon defendant's premises and it owed to her the duty to use reasonable care to make and keep the premises safe for her use. *Smith v. Henger*, 148 Tex. 456, 226 S.W.2d 425, 431 (1950), and its progeny.

**5.** See, e. g., *Barron v. James*, 145 Tex. 283, 198 S.W.2d 256, 260–261 (1946); Comments, E. Langley, *29 Tex.L.Rev. 513, 526 (1951)*. The confusion was removed when the legislature amended subdivision 9, breaking it into two component parts. See Acts 53rd Leg., Ch. 107, p. 390 (1953).

In an excellent law review article, Justice Pope has condemned the submission of a cause both broadly and narrowly. See, J. Pope and W. Lowerre, "The State of the Special Verdict—1979", *11 St. Mary's L.J. 1, 18 (1979)*, saying:

> "Logically, the broad negligence issue includes all of its narrow parts. The submission of the case by both methods is not only an unfair double submission; it also invites the danger of conflicting answers."[6]

In *Scott*, supra, our Supreme Court held that the 1973 amendment to *Rule 277* did not alter the requirement that "special verdict submissions shall be only upon controlling issues that are raised 'by the written pleadings and the evidence.'" (572 S.W.2d at 277) The only *pleaded* act of negligence was that plaintiff fell over a chair which had been placed by defendant's employee. That was the precise question submitted in Special Issue No. 1 upon which the jury found plaintiff failed to discharge her burden of proof. Moreover, even on appeal, counsel does not point to any evidence of failure to furnish a safe place to work other than that which authorized the submission of Special Issue No. 1.

Being of the opinion that plaintiff received a fair submission of the controlling issue and that she was not entitled to the submission of Special Issue No. 5, we approve the action of the trial court in entering judgment for the defendant. Such judgment is now AFFIRMED.

---

**6.** The late Justice Norvell in *Barclay v. C. C. Pitts Sand and Gravel Co.*, supra (387 S.W.2d at 650), noted that such a double submission "would be obviously unfair" and that "[a] litigant must either go global or specific. He cannot go both ways."

We note, in passing, that Justice Pope is of the opinion that *Barclay* now appears "to have been buried." *11 St. Mary's L.J. at 8, fn. 48.*